————o————

## No. 3816.

### Court of Appeal, Parish of Orleans.

### SIDNEY LEVY vs. HIBERNIA INSURANCE CO.

The issues of fact involved herein depend for a solution not on the credibility of witnesses but on the appreciation of their testimony.

Appeal from Civil District Court, Division "D."

McCaleb, McCaleb & Leopold, for Plaintiff and Appellant.

McCloskey & Benedict, for Defendant and Appellee.

DUFOUR, J. The plaintiff sued on fire insurance policy on furniture and the wearing apparel of himself and wife for a loss estimated at $770.80, and the defendant admitted a loss to the extent of $180, and tendered that amount with costs of Court up to time of tender.

From a judgment for the amount tendered and condemning him to pay all costs subsequent to the tender, the plaintiff has prosecuted this appeal.

The effect of the tender is to remove from the case all questions of law, and there is nothing in the opinion of the District Judge to indicate that the cause was decided on the credibility of the witnesses.

He says that the plaintiff "guesses" and "thinks" and that his

claims are "extravagant," but in no manner does he suggest that the plaintiff swore falsely and fraudulently. A man can scarcely be expected to testify with strict accuracy as to value of a woman's wearing apparel.

Further, our Brother states that Schmidt, and Piquet, who respectively in many particulars, corroborates plaintiff's testimony as to both furniture and wearing apparel, are "capable" and "competent" witnesses.

It is objected that they, the damaged goods, until sometime after the fire, but this could not have any effect beyond possibly reducing their estimate when we consider that the plaintiff testifies that at the time of their examination the damaged articles were practically in the same condition as shortly after the fire.

It is also objected that plaintiff was at fault for not making proper effort to minimize the law, it is shown that the Fire Patrol men had charge during and for a while after the fire of the articles, and a letter from defendant to plaintiff, of date July 28th shows that the former had possession of the property, with the exception of some of the wearing apparels from the date of the fire which occured twelve days before.

The defendant's adjuster does not appear to have noted all the furniture in the bed room or to have made a detailed estimate of is value, and he claims not to have seen any wearing apparel. His testimony is, in our view, at least as conjectured and inacurate in some respects as that of the plaintiff.

That the proof on both sides is not strictly reliable is evident; that the injury inflicted on the plaintiff is greater than the amount allowed him is clear.

The damage was not fire damage, but was caused by the water and acids that leaked into the room from the upper floor; it was impossisble, under the circumstances, that the curtains, carpet and clothes should escape injury. The evidence goes to show that the clothes became practically worthless and that washing and drying would have minimized the loss to any appreciable extent.

Without discussion of details which would be tedious and un-

179

necessary and realizing the difficulty of an accurate itemized estimate, we consider that the testimony as a whole warrants an allowance of $300.00/100 as doing substantial justice between the parties.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to read as follows:

It is ordered by the Court that there be judgment in plaintiff's favor and against defendant for the sum of Three Hundred Dollars ($300.00) with legal interest on $120.00/100 from judicial demand until paid, instead of $180, as allowed below, defendants to pay all costs of the lower Court subject to a credit of $17.75/100, and the costs of appeal, and as amended that the Judgment be affirmed.